NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 220377-U

NO. 4-22-0377

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 2, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Boone County |
| TYRICE L. MORGAN, | ) | No. 18CF206 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | C. Robert Tobin III, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's 10-year sentence for unlawful delivery of a controlled substance required remand for resentencing where the trial court misapprehended the applicable sentencing range.

¶ 2    Defendant, Tyrice L. Morgan, pleaded guilty to one count of unlawful delivery of a controlled substance, a Class 1 felony (720 ILCS 570/401(c)(2) (West 2018)), and the trial court sentenced him to 24 months' probation. The court subsequently found defendant guilty of violating his probation and sentenced him to 10 years' incarceration. Defendant appeals, arguing the trial court committed plain error at sentencing by relying on an erroneous belief he was eligible for an extended-term sentence. We agree the trial court misapprehended the applicable sentencing range. Accordingly, we reverse and remand for resentencing.

¶ 3                                    I. BACKGROUND

¶ 4 On December 23, 2019, defendant pleaded guilty to delivery of a controlled substance in exchange for 24 months' probation. At the guilty plea hearing, the trial court stated the maximum sentence would be 4 to 30 years' incarceration.

¶ 5 On August 24, 2020, the State filed a petition to vacate probation. Defendant admitted he violated his probation, and the trial court found in favor of the State on its petition. The record reflects defendant had no previous convictions that were Class 1 or greater felonies, and the parties do not dispute that point.

¶ 6 At sentencing, before hearing arguments, in reference to the sentence, the court stated, "I think that it's 4 to 30 at 50 percent under truth in sentencing." The State requested a sentence of 10 years based on defendant's previous criminal history, the details of the crime, and defendant's behavior while on probation. The State did not mention an extended-term sentence. The trial court agreed and sentenced defendant to a 10-year term. The court found defendant's history of committing crimes while on bond or other forms of supervision particularly notable. The trial court also stated:

> So looking at all that and the cost of incarceration, everything else that's in the Presentence Investigation Report, the nature of the offense, I do think [10] years in the Department of Corrections is a good number. It's still in the lower third really if you look at it. You've got a 24 —4 to 15. You got roughly a 26-year range there. 10 keeps it in the lower portion."

Defendant did not object to the trial court's statement.

¶ 7 Defendant filed a motion to reconsider the sentence, alleging the trial court failed to appropriately balance the factors in aggravation and mitigation, the sentence was disproportionate to the original term of probation imposed, and the trial court did not hear

defendant's statement in allocution during sentencing. He did not allege the trial court improperly found him eligible for an extended-term sentence or considered an improper sentencing range. The trial court denied the motion, and this appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9           Defendant argues the trial court improperly relied on the erroneous belief he was eligible for an extended-term sentence when it selected the length of his nonextended-term sentence. Defendant acknowledges he forfeited the issue by failing to raise it in the trial court but argues plain error applies.

¶ 10          We agree defendant forfeited this issue by failing to raise it at trial or in his posttrial motion, but we may address it under the plain-error doctrine because it impacts his substantial rights. *People v. Curtis*, 354 Ill. App. 3d 312, 328 (2004). A reviewing court may consider a forfeited issue under the plain-error doctrine when "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189 (2010) (citing *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007)). The first step in plain-error review is to determine whether an error occurred at all. *People v. Hudson*, 228 Ill. 2d 181, 191 (2008).

¶ 11          "A trial court's misapprehension as to extended-term sentencing eligibility necessitates a new sentencing hearing when it appears that the trial court's misapprehension arguably influenced the sentencing decision." *People v. Myrieckes*, 315 Ill. App. 3d 478, 483 (2000). Further, where the trial court misapprehends the applicable sentencing range, the case

- 3 -

must be remanded for resentencing, regardless of whether the sentence falls within the actual guidelines. *Myrieckes*, 315 Ill. App. 3d at 483-84. "It is assumed that a trial judge considers only competent evidence in making his sentencing determination, and this assumption is overcome only if the record affirmatively demonstrates the contrary." *Myrieckes*, 315 Ill. App. 3d at 483. In considering whether a mistaken belief influenced the trial court's sentencing decision, a reviewing court looks to whether the trial court's comments show the trial court relied on the mistaken belief or used the mistaken belief as a reference point in fashioning the sentence. *Myrieckes*, 315 Ill. App. 3d at 484.

¶ 12        In *Myrieckes*, the trial court believed it could sentence the defendant to an extended term based on the age of the victim. But the trial court had misinterpreted the statute—the victim's age did not qualify the defendant under the statute for the extended term. *Myrieckes*, 315 Ill. App. 3d at 484. The trial court sentenced the defendant to a term within the nonextended range, near the high end of that range. Because the court's misapprehension of the sentencing range suggested the trial court erroneously believed the defendant was eligible for extended-term sentencing or the misapprehension arguably influenced the sentencing decision, the appellate court vacated the sentence and remanded for resentencing. *Myrieckes*, 315 Ill. App. 3d at 484. In doing so, the court noted the defendant did not object at the time of sentencing or include the issue in a motion to reconsider the sentence. However, the court found plain error applied, as it affected a substantial right. *Myrieckes*, 315 Ill. App. 3d at 483.

¶ 13        Here, defendant's conviction of unlawful delivery of controlled substance was a Class 1 felony, punishable by a nonextended-term sentencing range of 4 to 15 years. 720 ILCS 570/401(c)(2) (West 2018); 730 ILCS 5/5-4.5-30(a) (West 2018). The extended-term sentencing range was 15 to 30 years. 730 ILCS 5/5-4.5-30(a) (West 2018). The parties do not dispute

defendant was ineligible for an extended-term sentence as defendant was not previously convicted of a Class 1 or greater felony and other statutory bases for extended-term sentencing did not apply. See 730 ILCS 5/5-5-3.2(b)(1), (c), (e) (West 2018). The trial court misstated the sentencing range at the guilty plea hearing, and it referred to an extended term again before hearing arguments at the sentencing hearing following the probation revocation. Then, when sentencing defendant, although the court initially referenced a 4-to-15-year term, it next referred to a "26-year-range," which would only apply to an extended-term sentence. The court also stated the 10-year term put the sentence in the "lower portion," which would only be correct if the court applied an extended-term sentence. Thus, the record is clear that, as in *Myrieckes*, the trial court both used the mistaken belief as a reference point in fashioning the sentence and arguably relied on the mistaken belief as to the sentencing range.

¶ 14        The State argues plain error should not apply because the record does not definitively show the trial court relied on its misapprehension of the law in imposing the sentence. However, as previously noted, the law does not require such definitive proof. Instead, we look to whether the trial judge's comments show the trial court relied on the mistaken belief *or* used the mistaken belief as a reference point in fashioning the sentence. *Myrieckes*, 315 Ill. App. 3d at 484. Here, the court clearly stated the mistaken belief as a reference point. That is sufficient. In any event, the record also supports the conclusion the trial court did indeed rely on the mistaken belief defendant was eligible for extended-term sentencing.

¶ 15        We further agree with defendant the error constituted second-prong plain error because the error affects the defendant's fundamental right to liberty. *People v. Richards*, 2021 IL App (1st) 192154, ¶ 31; see also *People v. Hicks*, 181 Ill. 2d 541, 545 (1998) ("The imposition of an unauthorized sentence affects substantial rights."); *People v. Lashley*, 2016 IL

App (1st) 133401, ¶ 69 (finding plain error occurred when the trial court misapprehended the law in ordering that defendant serve his sentence in the case consecutively with his sentences in his prior cases). Thus, a trial court's misapprehension of the appropriate sentencing range falls under the second prong of the plain error doctrine. See *People v. Hausman*, 287 Ill. App. 3d 1069, 1072 (1997).

¶ 16        Because the trial court misapprehended that defendant was eligible for extended-term sentencing, we vacate the sentence imposed and remand for resentencing.

¶ 17                            III. CONCLUSION

¶ 18        For the reasons stated, we vacate defendant's sentence and remand for resentencing.

¶ 19        Vacated; cause remanded.