NOTICE

Decision filed 06/05/23. The text of this decision may be changed or corrected prior to the filing of a Petiion for Rehearing or the disposition of the same.

2023 IL App (5th) 220485-U

NO. 5-22-0485

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 21-CF-392 |
| | ) | |
| QUINCY BROWN, | ) | Honorable |
| | ) | Ralph R. Bloodworth III, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the circuit court properly admonished defendant prior to accepting his guilty plea, inquired into his postplea allegations that counsel was ineffective and defendant presented no other valid basis to withdraw the plea, and where any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Quincy Brown, pleaded guilty to aggravated unlawful use of a weapon and, per agreement, the circuit court sentenced him to two years in prison. After the court denied his motion to withdraw the plea, defendant appealed.

¶ 3    Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified defendant of

1

its motion, and this court has provided him with ample opportunity to respond. However, he has not done so. After considering the record on appeal, OSAD's memorandum, and its supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 4                                    BACKGROUND

¶ 5     Defendant was charged following an incident at Omar's gas station in Carbondale. On March 10, 2022, defendant entered a fully negotiated guilty plea under which he would be sentenced to two years' imprisonment.

¶ 6     Prior to the plea, the circuit court admonished defendant that aggravated unlawful use of a weapon is a Class 4 felony carrying a minimum sentence of one year and a maximum sentence of three years in prison. The court also informed him that the charge carried a "mandatory sentence range" such that probation was not an option. Defendant said that he understood.

¶ 7     The court informed defendant that he had a right to a jury or bench trial, to confront witnesses against him, and to present a defense, including evidence and witnesses, but that he would be giving up these rights by pleading guilty. Defendant confirmed that his guilty plea was not the result of any threats.

¶ 8     The State's factual basis was that on September 25, 2021, police responded to a report of a disturbance at Omar's gas station. When they arrived, a woman said that defendant had pointed a gun at her. A search of the vehicle involved revealed a loaded .32-caliber revolver on the rear floorboard. The hammer was cocked and ready to fire. Defendant admitted that the gun was his and that he did not have a valid FOID card or a concealed carry license.

¶ 9     The State told the court that defendant had no felony convictions. His criminal history consisted of a misdemeanor DUI from 2000, an aggravated battery that was reduced from a Class

2

3 felony to a Class A misdemeanor in 2002, a 2005 misdemeanor for "carrying a false insurance card," and a case in 2007 involving a bad check. The court accepted defendant's guilty plea, finding it knowing and voluntary, and imposed the agreed-upon sentence.

¶ 10    Defense counsel filed a timely motion to withdraw the guilty plea. Counsel stated that she had letters defendant wrote to the court stating that he wanted to withdraw the plea because he "didn't understand anything going on in court when he took 3 years due to a stroke." Defendant also wanted to withdraw the plea based on "ineffective assistance of counsel."

¶ 11    Counsel filed an amended motion alleging that defendant felt "it is necessary for me to exercise my Judicial Rights and stand trial against my accusers in a court of law." Counsel filed a second amended motion stating that defendant wished to "clarify" the State's recitation of his criminal history at the plea hearing. The motion states that the DUI, the charge involving a false insurance card, and the "bad check case" had all been dismissed. Further, the felony aggravated battery charge had been reduced to the Class A misdemeanor of resisting a police officer. Defense counsel filed a Rule 604(d) certificate attesting that she had consulted with defendant, examined the trial court file and report of proceedings of the guilty plea and sentencing hearing, and made any necessary amendments to the motion.

¶ 12    At a hearing on the motion, the court first, without the State's participation, examined defendant's allegations of ineffective assistance of counsel. Defendant said that (1) at the bond hearing his counsel let the State use two cases that had been dismissed to set a $50,000 bond, (2) he pled guilty because defense counsel told him that if he went to trial he could get up to six years in prison, and defense counsel also told him that he was eligible for probation, and (3) he told his defense counsel that "it was not aggravated" because he never took the gun out of the car, never

3

pointed the gun at anybody, and "they would have never known" that it was his gun if he had not told the police.

¶ 13    Defense counsel explained that she initially thought that defendant was eligible for probation because she had been looking at an outdated "cheat sheet" on mandatory sentencing. When she later learned aggravated unlawful use of a weapon was not probationable, she immediately notified defendant that he was not eligible for probation. She referenced a letter she wrote to defendant in which she explained her error and clarified that he was facing a mandatory prison sentence. The letter included "citations and language from the statute book."

¶ 14    The court found that it need not appoint new counsel. The court noted that the offense is not probationable, and that it had so admonished defendant at the plea hearing.

¶ 15    The court then addressed the remaining points in defendant's motion to withdraw the plea. The prosecutor argued that the State's records did not show that the DUI had been dismissed. Moreover, the State had correctly stated that defendant's Class 3 felony charge was reduced to a Class A misdemeanor, although it did not mention that the specific charge was resisting arrest. The prosecutor admitted that he did not tell the court that the other two misdemeanor cases had been dismissed but argued that he had correctly told the court that defendant did not have any felonies on his record. The prosecutor further argued the plea was fully negotiated so that the recitation of defendant's criminal history had no impact on the negotiated sentence.

¶ 16    The court denied defendant's motion to withdraw the plea, finding that it was fully negotiated, and that the plea was knowing and voluntary. The court further noted that, prior to accepting the guilty plea, it had "covered everything," including that the offense entailed a mandatory prison sentence. Defendant timely appealed.

4

¶ 17                                    ANALYSIS

¶ 18    OSAD suggests four possible issues but concludes that none of them has even arguable merit. Specifically, OSAD concludes that there is no viable issue that (1) defense counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), (2) the circuit court substantially complied with Illinois Supreme Court Rule 402 (eff. July 1, 2012) before accepting defendant's plea, (3) the circuit erred in denying defendant's motion to withdraw the plea, and (4) defendant presented sufficient facts to warrant further investigation during the court's preliminary inquiry into his ineffective-assistance allegations. We agree that these issues plainly lack merit.

¶ 19    First, there is little question that counsel complied with Rule 604(d). That rule requires that counsel appointed to represent a defendant on a postplea motion shall

> "file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 20    Here, counsel filed a certificate closely tracking the rule's language. Moreover, nothing in the record calls into question counsel's certification.

¶ 21    OSAD next suggests that there is no question that the circuit court complied with Rule 402. Due process requires that a guilty plea be voluntary and intelligent. *People v. Burt*, 168 Ill. 2d 49,

5

64 (1995). Rule 402 ensures compliance with these requirements. *Id.* (citing 134 Ill. 2d R. 402, Committee Comments, at 340). The rule provides that:

"The court shall not accept a plea of guilty *** without first, by addressing the defendant personally in open court, informing him or her of and determining that he or she understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he or she pleads guilty there will not be a trial of any kind, so that by pleading guilty he or she waives the right to a trial by jury and the right to be confronted with the witnesses against him or her; or that by stipulating the evidence is sufficient to convict, he or she waives the right to a trial by jury and the right to be confronted with any witnesses against him or her who have not testified." Ill. S. Ct. R. 402(a) (eff. July 1, 2012).

Substantial compliance with the rule satisfies due process. *Burt*, 168 Ill. 2d at 64.

¶ 22    Here, the court told defendant the nature of the charge and the possible penalties. The court specifically stated that the offense was not probationable. The court informed defendant that he had the right to a jury trial or a bench trial where the State would be required to prove his guilt beyond a reasonable doubt, and that by pleading guilty he would give up the right to present a defense and to call and cross-examine witnesses. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). The court

confirmed that defendant had not been threatened by anyone to plead guilty (Ill. S. Ct. R. 402(b) (eff. July 1, 2012)) and it heard a factual basis for the charge (Ill. S. Ct. R. 402(c) (eff. July 1, 2012)). Although the court did not specifically mention that defendant had a right to persist in his not-guilty plea, where a defendant is otherwise fully admonished, a circuit court's failure to inform him of the right to persist in a not-guilty plea does not taint the guilty plea. *People v. Radunz*, 180 Ill. App. 3d 734, 741-42 (1989). Thus, the court substantially complied with the rule.

¶ 23     OSAD next concludes that there is no meritorious argument that the court erred in denying defendant's motion to withdraw his plea. A defendant has no absolute right to withdraw a guilty plea. *People v. Hughes*, 2012 IL 112817, ¶ 32. Rather, he must show a manifest injustice under the facts involved. *Id.* Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt of the defendant's guilt such that justice would be better served through a trial. *Id.*

¶ 24     Defendant's principal contention here was that his plea was involuntary due to counsel's ineffectiveness. " 'To establish that a defendant was deprived of effective assistance of counsel, a defendant must establish both that his attorney's performance was deficient and that the defendant suffered prejudice as a result.' " *People v. Manning*, 227 Ill. 2d 403, 412 (2008) (quoting *People v, Pugh*, 157 Ill. 2d 1, 14 (1993)). In the guilty plea context, a defendant must show that " 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *People v. Brown*, 2017 IL 121681, ¶ 26 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

¶ 25     Defendant argued that counsel incorrectly told him that he was eligible for probation. However, defendant cannot establish the requisite prejudice. Counsel acknowledged the mistake but explained that she discovered it before the plea hearing and gave defendant the correct

7

information, including excerpts from the statute. Also, the circuit court informed defendant of the correct sentencing range, including the mandatory prison sentence, prior to the plea. See *People v. Valdez*, 2016 IL 119860, ¶ 31 (admonishments by the circuit court can cure prejudice to a defendant resulting from counsel's incorrect advice). Thus, defendant cannot plausibly claim that he pleaded guilty in reliance on counsel's erroneous advice.

¶ 26    Defendant also contended that the State misrepresented his criminal history at the plea hearing, including reciting charges that had been dismissed. The prosecutor acknowledged that some of the charges had been dismissed, but noted that he correctly told the court that defendant had no prior felony convictions. In any event, as the circuit court noted, this was a fully negotiated plea. The court merely imposed the agreed-upon sentence, so defendant's criminal history did not influence its decision. Defendant was presumably aware of his criminal record prior to accepting the plea offer. He need not have accepted it if he believed his record or lack thereof merited a shorter sentence.

¶ 27    Defendant's motion also claimed that he did not "understand anything that was going on in court" due to a stroke he had suffered two years earlier. However, he did not provide any evidence to support his assertion that he was cognitively impaired at the plea hearing. As noted, the circuit court admonished him per Rule 402. He repeatedly said that he understood the court's admonishments. He answered questions appropriately and asked some of his own. No one raised a *bona fide* doubt of his fitness to plead. His vague, unsupported assertion that he did not "understand anything that was going on" is contradicted by the record and, thus, was not a valid basis for him to withdraw his plea.

¶ 28    Defendant also made the vague assertion that it was "necessary" for him to exercise his "Judicial Rights and stand trial against" his accusers. Prior to accepting the plea, the court told

8

defendant that he had the right to have a trial at which he could confront his accusers. He voluntarily waived that right by pleading guilty. See *People v. Myrieckes*, 315 Ill. App. 3d 478, 485 (2000) (voluntary guilty plea waives all nonjurisdictional errors or defects). He alleged no facts coming to light since the guilty plea that would cast doubt upon the State's case or suggest that he had a possible defense of which he was previously unaware. Thus, defendant demonstrated no reason that it was particularly "necessary" to test the State's case except that he had changed his mind about wanting a trial.

¶ 29    OSAD's final proposed issue is whether the circuit court properly conducted the hearing on defendant's allegations of ineffective assistance. When a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the circuit court should first examine the factual basis for the defendant's claim. If the court finds that the claim lacks merit or pertains only to matters of trial strategy, the circuit court may deny the motion without appointing new counsel. *People v. Chapman*, 194 Ill. 2d 186, 230 (2000); see *People v. Krankel*, 102 Ill. 2d 181, 189 (1984). During the court's evaluation of a defendant's claim, some interchange between the trial court and trial counsel regarding the circumstances of the representation is not only permissible but usually necessary in deciding what further action, if any, is warranted on a defendant's claim. *People v. Moore*, 207 Ill. 2d 68, 78 (2003). On appeal, the principal concern is whether the circuit court conducted an adequate inquiry into the defendant's allegations. *People v. Johnson*, 159 Ill. 2d 97, 125 (1994).

¶ 30    Here, the court questioned defendant to ascertain his contentions, and sought defense counsel's input where appropriate. Defendant raised three principal contentions. We have already disposed of one such contention: that counsel incorrectly advised defendant about the possible sentences. Defendant's remaining contentions were that counsel allowed the State, at a bond

9

hearing, to bring up prior charges that had been dismissed, and that defendant told counsel that he should not have been charged with an aggravated version of the offense because he never took the gun out of the car or pointed it at anybody.

¶ 31   The former issue is moot.  Defendant was sentenced to prison pursuant to a plea agreement, so any error occurring at the bond hearing would not result in any relief for defendant at this point. See *Felzak v. Hruby*, 226 Ill. 2d 382, 392 (2007) (issue is moot where it is impossible for a court of review to grant effectual relief).

¶ 32   The latter issue seems merely to contradict the State's factual basis, according to which a witness said that defendant pointed a gun at her.  As noted, defendant's voluntary guilty plea waived the right to test the State's case.  In any event, as charged here, it was sufficient if defendant carried "in any vehicle *** any *** revolver" that was "uncased, loaded, and immediately accessible at the time of the offense."  720 ILCS 5/24-1.6(a)(1), (3)(a) (West 2018).  Thus, the State did not necessarily have to prove that defendant pointed the gun at anyone although it was apparently prepared to do so.

¶ 33                                       CONCLUSION

¶ 34   As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 35   Motion granted; judgment affirmed.