2023 IL App (4th) 220377

NO. 4-22-0377

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 15, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Boone County |
| TYRICE L. MORGAN, | ) | No. 18CF206 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | C. Robert Tobin III, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Justices Steigmann and Doherty concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Tyrice L. Morgan, pleaded guilty to one count of unlawful delivery of a controlled substance, a Class 1 felony (720 ILCS 570/401(c)(2) (West 2018)), and the trial court sentenced him to 24 months' probation. The court subsequently found defendant guilty of violating his probation and sentenced him to 10 years' incarceration. Defendant appeals, arguing the court committed plain error at sentencing by relying on an erroneous belief he was eligible for an extended-term sentence of up to 30 years in prison under sections 5-5-3.2 and 5-8-2 of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-3.2, 5-8-2 (West 2018)). We initially held the trial court misapprehended the applicable sentencing range, and we reversed and remanded for resentencing.

¶ 2     On February 21, 2023, the State filed a petition for rehearing, arguing for the first time the trial court properly recognized defendant was eligible for a sentence of up to 30 years in

prison under section 408 of the Illinois Controlled Substances Act (Act) (720 ILCS 570/408(a) (West 2018)). We requested defendant to answer the State's petition. In his answer, defendant argues (1) the State forfeited its argument regarding section 408 of the Act by failing to cite that provision during the initial briefing of this appeal; (2) the court was required to specifically invoke section 408 at sentencing to sentence him under that provision; and (3) section 408 conflicts with section 5-8-2 of the Code, and section 5-8-2, as the newer enactment, controls.

¶ 3        We determine the trial court properly recognized defendant was eligible for a sentence of up to 30 years in prison under section 408 of the Act. Accordingly, we grant the State's petition for rehearing, withdraw our previous order filed pursuant to Illinois Supreme Court Rule 23 (eff. Jan. 1, 2021) on February 2, 2023 (*People v. Morgan*, 2023 IL App (4th) 220377-U), and substitute this disposition in its place.

¶ 4                                I. BACKGROUND

¶ 5        On December 23, 2019, defendant pleaded guilty to Class 1 delivery of a controlled substance in exchange for 24 months' probation. At the guilty plea hearing, the trial court stated, "[b]ased upon Section 408, the maximum sentence would be 4 to 30 years in the Department of Corrections." The court did not mention section 408 of the Act again at any proceedings, though the court consistently said defendant's sentencing range was 4 to 30 years.

¶ 6        On August 24, 2020, the State filed a petition to vacate probation. Defendant admitted he violated his probation, and the trial court found in favor of the State on its petition. The record reflects defendant had no previous convictions that were Class 1 or greater felonies, and he was not otherwise eligible for an extended-term sentence under section 5-5-3.2 of the Code. However, defendant had a previous conviction for violating the Act.

¶ 7    At sentencing, before hearing arguments, the trial court stated, "I think that it's 4 to 30 at 50 percent under truth in sentencing." The State requested a sentence of 10 years in prison based on defendant's criminal history, the details of the crime, and defendant's behavior while on probation. The State did not mention an extended-term sentence. The court sentenced defendant to a nonextended 10-year term. The court found defendant's history of committing crimes while on bond or other forms of supervision particularly notable. The court also stated:

"So looking at all that and the cost of incarceration, everything else that's in the Presentence Investigation Report, the nature of the offense, I do think [10] years in the Department of Corrections is a good number. It's still in the lower third really if you look at it. You've got a 24—4 to 15. You got roughly a 26-year range there. 10 keeps it in the lower portion."

Defendant did not object to the court's statement.

¶ 8    Defendant filed a motion to reconsider the sentence, alleging the trial court failed to appropriately balance the factors in aggravation and mitigation, the sentence was disproportionate to the original term of probation imposed, and the court did not hear defendant's statement in allocution during sentencing. He did not allege the court improperly found him eligible for an extended-term sentence or considered an improper sentencing range. The court denied the motion, and this appeal followed.

¶ 9                                      II. ANALYSIS

¶ 10    A. Misapprehension of the Sentencing Range/Our Previous Disposition

¶ 11    Defendant argued in his original appellate brief that the trial court improperly relied on the erroneous belief he was eligible for an extended-term sentence under section 5-5-3.2 of the Code when it selected the length of his nonextended-term sentence. Defendant acknowledged he

forfeited the issue by failing to raise it in the trial court but argued plain error applied. The State responded that defendant failed to demonstrate plain error. The State conceded that the court incorrectly mentioned a sentencing range of 4 to 30 years in prison. However, according to the State, it was unclear from the record "how much weight the trial court actually placed on the range itself in comparison to other factors."

¶ 12        We initially agreed with defendant's position. Defendant's conviction of unlawful delivery of a controlled substance was a Class 1 felony, which carried a nonextended-term sentencing range of 4 to 15 years in prison (720 ILCS 570/401(c)(2) (West 2018); 730 ILCS 5/5-4.5-30(a) (West 2018)) and an extended-term sentencing range of 15 to 30 years (*id.*). The parties agreed defendant was ineligible for an extended-term sentence, as defendant was not previously convicted of a Class 1 or greater felony and other statutory bases for extended-term sentencing did not apply. See *id.* § 5-5-3.2(b)(1), (c), (e). Thus, in our previous order, we held the trial court misapprehended the sentencing range. We further agreed with defendant the error constituted second-prong plain error because the error affected defendant's fundamental right to liberty. Accordingly, we vacated defendant's sentence and remanded for resentencing.

¶ 13                              B. Petition for Rehearing

¶ 14        In its petition for rehearing, the State argues for the first time that the trial court permissibly considered a 30-year maximum sentence under section 408 of the Act.

¶ 15        Defendant responds that the State forfeited its argument by failing to raise the matter in its brief on appeal. In the alternative, defendant argues the trial court was required to specifically invoke section 408 of the Act at sentencing and failed to do so. He also argues section 408 conflicts with the extended-term sentencing provisions of section 5-8-2 of the Code, which he

asserts provides the exclusive authority for sentencing an offender to a term of imprisonment greater than the base level prescribed by statute.

¶ 16   Now that this matter has been brought to our attention, there is no question defendant falls within the scope of the plain language of section 408 of the Act. Section 408(a) states: "Any person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized ***." 720 ILCS 570/408(a) (West 2018). Here, defendant had a prior conviction for violating the Act. Thus, the plain language of section 408 sets his sentencing range at 4 to 30 years for his Class 1 conviction, and the trial court correctly determined defendant's sentencing range. We will consider defendant's arguments as to why we should nevertheless deny the State's petition for rehearing.

¶ 17                                          1. *Forfeiture*

¶ 18   Defendant first contends the State forfeited its argument regarding section 408 of the Act by failing to rely on that statute during the original briefing of this appeal. Although true, the circumstances compel us to overlook the forfeiture.

¶ 19   Both the parties and this court initially failed to recognize that the trial court determined at defendant's plea hearing that section 408 of the Act applied. Thus, we overlooked that point in our original Rule 23 order, and the State has now brought the matter to our attention. See Ill. S. Ct. R. 367(b) (eff. Nov. 1, 2017) (stating a petition for rehearing "shall state briefly the points claimed to have been overlooked or misapprehended by the court"). We recognize that, under Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), parties may not raise new arguments in a petition for rehearing. However, that rule is "an admonition to the parties, not a limitation upon the jurisdiction of the reviewing court." *Hux v. Raben*, 38 Ill. 2d 223, 224 (1967). To that end, "the responsibility of a reviewing court for a just result and for the maintenance of a

sound and uniform body of precedent may sometimes override the considerations of [forfeiture] that stem from the adversary character of our system." *Id.* at 225. Further, reviewing courts may look beyond considerations of forfeiture "to maintain a sound and uniform body of precedent or where the interests of justice so require." *Halpin v. Schultz*, 234 Ill. 2d 381, 390 (2009).

¶ 20    Were we to deny the State's petition for rehearing on the basis of forfeiture, the parties and the trial court would have no direction on remand as to whether section 408 of the Act applies. There is also no basis to remand for resentencing if the trial court was correct about defendant's sentencing range in the first place. Furthermore, the parties have now been given a full and fair opportunity to litigate whether section 408 of the Act applies. Under these circumstances, we overlook the forfeiture.

¶ 21    2. *Failure to Invoke Section 408 at Sentencing*

¶ 22    Citing the Fifth District case of *People v. Phillips*, 56 Ill. App. 3d 689 (1978), defendant next contends, "[b]ecause the court did not specifically invoke section 408 at sentencing, the statute did not apply to [him] and could not have been the basis for the sentencing court's misapprehension of the applicable sentencing range."

¶ 23    In *Phillips*, the defendant pleaded guilty on the same date to two drug offenses and was sentenced on the second offense under section 408. *Id.* at 691. The Fifth District reversed, with the majority construing section 408 to preclude enhancement of one offense when the convictions occurred on the same day. *Id.* at 695. The majority noted that a statute that imposes additional punishment upon conviction for a second or subsequent conviction is highly penal and must be strictly construed. *Id.* The majority concluded that enhancement statutes were intended to provide a warning to a first-time offender and afford the opportunity to reform. In doing so, the court held:

"[F]or a defendant to be sentenced to enhanced penalties of section 408 of the Controlled Substance Act the following must occur: (1) The defendant must be convicted of a narcotics violation charge as defined in (b) of section 408; (2) he must then commit another narcotics offense which leads to his second or subsequent conviction; and (3) the enhanced penalties provision must be specifically invoked by the trial court when imposing sentence." *Id.*

The dissenting justice described the three factors provided by the majority as "engrafting upon the statute conditions and provisions that completely alter the meaning and purport of the statute adopted by the legislature." *Id.* at 698 (Jones, J., dissenting).

¶ 24 We find *Phillips* does not apply. *Phillips* states, *inter alia*, a trial court must specifically invoke section 408 of the Act if the court imposes an enhanced penalty pursuant to the Act. *Id.* at 695 (majority opinion). The court here did not sentence defendant to an enhanced penalty, so the rule in *Phillips* was not violated. Instead, we are concerned only with the question of whether the trial court misapprehended the maximum available penalty. Further, the court invoked section 408 during the plea hearing, so defendant had notice of his sentencing range. Having found *Phillips* distinguishable, we need not consider the soundness of its pronouncement regarding specifically invoking section 408 at the time of sentencing.

¶ 25 3. *Purported Conflict Between the Code and the Act*

¶ 26 Finally, defendant argues section 408 of the Act (originally enacted in 1971 (see Pub. Act 77-757 (eff. Aug. 16, 1971))) conflicts with section 5-8-2(a) of the Code (originally enacted in 1973 (see Pub. Act 77-2097 (eff. Jan. 1, 1973))). Defendant maintains that section 5-8-2(a) of the Code, as the more recent legislation, controls. Essentially, defendant proposes that

- 7 -

section 408 of the Act—although still on the books—was implicitly repealed 50 years ago when the legislature adopted section 5-8-2 of the Code.

¶ 27    The primary goal of statutory interpretation is to give effect to the intent of the legislature. *People v. Hunter*, 2013 IL 114100, ¶ 13. The most reliable indicator of legislative intent "is the language of the statute, given its plain and ordinary meaning. *** Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Id.* We presume that statutes relating to the same subject are "intended to be consistent and harmonious." *In re Craig H.*, 2022 IL 126256, ¶ 26. Accordingly, "even when statutes appear to conflict, they must be construed in harmony if reasonably possible." *Id.* "It is presumed that the legislature will not enact a law which completely contradicts a prior statute without an express repeal of it and that statutes relating to the same subject are to be governed by one spirit and a single policy." *Jahn v. Troy Fire Protection District*, 163 Ill. 2d 275, 279-80 (1994). Construing two statutes in a manner allowing both statutes to stand is favored. *In re Marriage of Lasky*, 176 Ill. 2d 75, 80 (1997). "For a later enactment to operate as a repeal by implication of an existing statute, there must be such a manifest and total repugnance that the two cannot stand together." *Jahn*, 163 Ill. 2d at 280.

¶ 28    The most relevant statutes can be summarized as follows. Section 5-8-2(a) of the Code provides:

> "A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Article 4.5 of Chapter V for an offense or offenses within the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in Section 5-5-3.2 or clause

(a)(1)(b) of Section 5-8-1 were found to be present." 730 ILCS 5/5-8-2(a) (West 2018).

Section 5-4.5-5 of the Code, which is titled "STANDARD SENTENCING," provides: "*Except as specifically provided elsewhere*, this Article [*i.e.*, article 4.5 of chapter V of the Code] governs sentencing for offenses." (Emphasis added.) *Id.* § 5-4.5-5.

¶ 29        Section 5-4.5-30(a) (located in article 4.5 of chapter V) of the Code provides that a Class 1 felony carries a prison sentence between 4 and 15 years. *Id.* § 5-4.5-30(a). That statute also states: "The sentence of imprisonment for an extended term Class 1 felony, as provided in Section 5-8-2, *** shall be a term not less than 15 years and not more than 30 years." *Id.* Meanwhile, as previously noted, section 408(a) of the Act states: "Any person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized ***." 720 ILCS 570/408(a) (West 2018).

¶ 30        We see no conflict between section 408 of the Act and section 5-8-2 of the Code. Article 4.5 of chapter V of the Code contains the "standard sentencing" provisions, including provisions regarding extended-term sentencing. Section 5-4.5-5 of that article states the article governs sentencing for offenses "[e]xcept as specifically provided elsewhere." 730 ILCS 5/5-4.5-5 (West 2018). Thus, if a sentencing provision is "specifically provided elsewhere," then article 4.5 of chapter V of the Code places no limits on the provision. Section 408 of the Act is not contained within article 4.5 of chapter V of the Code. Therefore, section 408 of the Act necessarily is a statute that is "provided elsewhere." Accordingly, enhancing a sentence pursuant to section 408 of the Act does not exceed "the maximum sentence authorized by Article 4.5 of Chapter V." *Id.* § 5-8-2(a).

¶ 31　　　　　　Defendant relies on the Third District case of *People v. Williams*, 2014 IL App (3d) 120824, in support of his position that section 408 of the Act conflicts with section 5-8-2 of the Code. There, the appellate court held that section 408 does not permit the doubling of a maximum sentence where that sentence was already enhanced to Class X sentencing under the Code. *Id.* ¶ 21. In reaching that determination, the *Williams* court stated that section 5-8-2, pertaining to extended-term sentencing, "provides the exclusive authority for sentencing an offender to a term of imprisonment greater than the base level prescribed by statute." *Id.* ¶ 14. To the extent section 408 would permit a sentence longer than the base sentence where section 5-8-2 of the Code does not apply, the court found the statutes in conflict and applied section 5-8-2 because it was enacted after section 408. *Id.* ¶ 21.

¶ 32　　　　　　However, *Williams* involved an analysis of double sentencing enhancements, which is not at issue here. Further, the *Williams* court failed to consider that the standard sentencing provisions—including its provisions regarding extended-term sentences (see 730 ILCS 5/5-4.5-30(a) (West 2018))—govern, "[e]xcept as specifically provided elsewhere." *Id.* § 5-4.5-5. Moreover, our supreme court in *Williams* affirmed the judgment of the appellate court on narrower grounds. *People v. Williams*, 2016 IL 118375, ¶¶ 30-32. In doing so, the supreme court declined the opportunity to embrace the Third District's analysis, upon which defendant relies. See *id.* ¶ 33. Accordingly, we are not persuaded that the Third District's decision in *Williams* supports defendant's contention that section 408 of the Act conflicts with section 5-8-2 of the Code for purposes of his sentencing.

¶ 33　　　　　　Because the statutes are not in conflict, the trial court properly determined defendant was eligible for a prison sentence of up to 30 years under section 408 of the Act.

¶ 34　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 35　　　　　　The circumstances of this case compel us to grant the State's petition for rehearing and to withdraw our prior Rule 23 order. For the reasons stated, the judgment and sentence of the trial court is affirmed.

¶ 36　　　　　　Affirmed.

***People v. Morgan***, **2023 IL App (4th) 220377**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Boone County, No. 18-CF-206; the Hon. C. Robert Tobin III, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Adrienne N. River, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Tricia L. Smith, State's Attorney, of Belvidere (Patrick Delfino, David J. Robinson, and Hunter Antonisse, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |